# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JERRY DINKINS,** | ) |
| Petitioner, | ) |
| v. | ) NO. 3:19-cv-00909 |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

On May 8, 2020, the Court granted Jerry Dinkins' Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 ("the Petition"), vacated his conviction on the only count he pled guilty to (murder in the course of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c), 924(j)) for being unconstitutional in light of United States v. Davis, 139 S.Ct. 2319 (2019), and ordered that he be discharged from custody. (See Doc. No. 9 at 4.) The Government subsequently filed an Emergency Motion to Stay Release of Defendant (Doc. No. 11), to which Dinkins' filed a response in opposition (Doc. No. 13). The Government also filed a Motion for Reconsideration (Doc. No. 12) of the Court's May 8, 2020 Order. The Court held a telephonic hearing on both motions on Sunday, May 10, 2020. As the Court explained during that hearing, the Government's motions have been denied.[1]

The Court will first address the Government's motion for reconsideration, which the Court construes as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Motions to alter or amend judgment under Rule 59(e) may be granted if there is a clear error of

---

[1] Given the exigencies involved in this case, the Court entered an Order denying the United States' motions on May 10, 2020 and notified the parties that this memorandum opinion would follow soon thereafter. (Doc. No. 14.)

law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.[2] GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). In its motion for reconsideration, "[t]he Government does not dispute the fact that Dinkins is entitled to post-conviction relief on the basis of Davis." (Doc. No. 12.) Instead, it argues that the appropriate remedy is not Dinkins' immediate release, but rather substitution of the lesser-included offense of conspiracy to commit Hobbs Act robbery, with a resentencing on that count to follow. (Id. at 5–7.)

As an initial matter, the Court has concerns about whether it has authority under § 2255 to find Dinkins guilty on a count that the Government previously dismissed. Section 2255(b) provides that if a court finds that collateral relief is warranted, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The Government cites United States v. Cross, 256 F. Supp. 3d 46, 49 (D.D.C. 2017) for the proposition that § 2255(b) gives courts "broad and flexible power . . . to enter a lesser-included offense as a form of § 2255 relief." True, in Cross, after a jury trial, the district court granted defendant's § 2255 motion and vacated his conviction for conspiring to distribute one kilogram or more of heroin, but found that it had authority to sentence defendant on the lesser-included offense of conspiring to distribute any detectable amount of heroin. Id. at 49. The Court reasoned that this remedy was available because the jury was instructed, and impliedly made a guilt determination, on the lesser-included drug quantity attributable to the defendant. Id. Here, Dinkins has not been adjudged guilty, either explicitly or

---

[2] The Court does not find that discharging Dinkins under these conditions would be a manifest injustice, particularly because the Government did not file a similar motion to stay release of Dinkins' co-defendant, Blake Wright, after the Court granted Wright's § 2255 motion under identical facts in Case No. 3:19-cv-00808.

2

impliedly, of the dismissed count of conspiring to commit Hobbs Act robbery. Thus, Cross is distinguishable, and it is not clear whether § 2255 authorizes the Court to revive an expressly dismissed count and grant the Government's requested relief.

In any event, the Government has not convinced the Court that a conspiracy to commit Hobbs Act robbery is a lesser-included offense of a § 924(j) violation, which necessarily requires a § 924(c) violation. Indeed, other courts have held that "Conspiracy to Commit Hobbs Act Robbery is not a lesser included offense of the 924(c) violation." United States v. Stack, Case No. 2:13-cr-00212, 2020 WL 1531343, at *2 (D. Nev. Mar. 31, 2020); see also United States v. Kyker, No. 2:13-cr-00212-KJD, 2020 WL 1531077, at *2 (D. Nev. Mar. 31, 2020); Williams v. United States, No. 4:17-cr-61, 2019 WL 3843066, at *3 (E.D. Va. Aug. 15, 2019). Although the Government has taken the position that these cases were wrongly decided (see Case No. 3:19-cv-00774, Doc. No. 16 at 8 n.2), it has not offered any persuasive authority for the Court to reach an opposite conclusion. Accordingly, the Court does not find that conspiracy to commit Hobbs Act robbery is a lesser-included offense of a § 924(j) conviction.

To be sure, the Court is troubled by the Factual Basis in Dinkins' plea agreement (Case No. 3:11-cr-00012, Doc. No. 2596 at 5–7) because it strongly suggests that Dinkins is guilty of conspiracy to commit Hobbs Act robbery. But as Dinkins' counsel argued during the May 10 hearing, the Court should not use the Factual Basis to revive counts that the Government agreed to dismiss. Otherwise, it would be possible for the Court to find Dinkins guilty of several crimes that he did not agree to plead guilty to. The Court is not willing to establish that precedent.

For the foregoing reasons, the Court has denied the Government's Motion for Reconsideration (Doc. No. 12). Accordingly, the Government's Motion to Stay Release of Defendant (Doc. No. 11), which "requests that the Court's May 8 Order be stayed until such time

as [its] motion for reconsideration is fully briefed and adjudicated, was denied as moot. An appropriate Order has been entered at Doc. No. 14.

The Clerk shall enter a copy of this Memorandum Opinion in Case No. 3:11-cr-00012-16.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE